IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARSENIO HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-136-ECM-KFP |
| | ) | |
| DERRICK CUNNINGHAM, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

Petitioner Arsenio Hall, an inmate proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging his pretrial detention in the Montgomery County Detention Facility. Doc. 1. Hall alleges that his "bond [has] been violated" and he is "beening [sic] held by false documentation." *Id*. at 2, 6. He claims he is "challenging his preliminary hearing"; "acts 7.2 and 7.3 regarding criminal procedure was violated due to . . . [Hall] was not read bond rights"; and "[d]uring the time of bond revocation hearing[,] [Hall] was not aware of his rights." *Id*. at 7. As relief, he seeks release on bail and "5.5 million due to hardship experienced during his incarceration." *Id*. at 7, 8.

On April 5, 2022, the Court issued an Order directing Respondent Montgomery County Sheriff Derrick Cunningham to file an Answer to the Petition. Doc. 4. The Court received Respondent's Answer and accompanying exhibits on April 26, 2022. Docs. 13, 14. On April 29, 2022, the Court issued an Order giving Hall an opportunity to file a reply to Respondent's filings by May 20, 2022. Doc. 15. The Court specifically advised Hall

that, if he failed to file a reply within the allotted time, the Court would consider the merits of his Petition absent his reply. *Id*. at 2. To date, Hall has not filed a reply.

Upon consideration of the parties' filings and for the reasons set forth below, the undersigned RECOMMENDS that Hall's § 2241 Petition be DISMISSED without prejudice.

## II.   FACTUAL BACKGROUND

On April 16, 2021, Hall was arrested and charged with attempting to elude, certain persons forbidden to possess a firearm, and reckless endangerment. Doc. 13-2. A complaint was sworn that same day, accompanied by an arrest warrant, and bail was set at $500, $15,000, and $500, respectively. Docs. 13-1, 13-2, 13-4, 13-5. Hall was detained in the Montgomery County Jail. Doc. 13-2. Hall posted bail the following day and was released from custody. Doc. 13-3. On August 13, 2021, a Montgomery County Grand Jury indicted Hall and charged him with attempting to elude in violation of Section 13A-10-52 of the Code of Alabama (1975); reckless endangerment in violation of Section 13A-6-24; and certain persons forbidden to possess a firearm in violation of Section 13A-11-72(a). Doc. 13-6.

On November 13, 2021, the state filed a motion to revoke Hall's bail for obtaining a new charge of trafficking cocaine. Doc. 13-10. On November 19, 2021, the trial court issued a "capias" for Hall for "failure to comply with the conditions of release while on bond" (Doc. 13-11) and subsequently scheduled a bond revocation hearing for December 1, 2021 (Doc. 13-13). Following that hearing, the trial court revoked Hall's bail on December 1, 2021. Doc. 13-15.

On January 20, 2022, in the trial court, Hall filed a pro se motion asserting his right to a speedy trial. Doc. 13-18. On March 9, 2022, Hall filed the instant § 2241 Petition in this court. Doc. 1. On March 24, 2022, once again in the trial court, Hall filed a pro se motion to dismiss the charges against him. Doc. 13-20. Finally, on April 8, 2022, through Attorney David Vickers, Hall filed a Motion to Reinstate Bond with Amended Conditions of Release. Doc. 13-21.

## III.    DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, [the Eleventh Circuit has] held that the requirements of § 2254—including exhaustion of state remedies—apply to a subset of petitioners to whom § 2241(c)(3) applies: those who are 'in custody pursuant to the judgment of a State court.'" *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004) (quoting *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003)).[1] To properly exhaust state remedies, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Clark v. Comm'r, Ala. Dep't of Corr.*, 988 F.3d 1326, 1329 (11th Cir. 2021) (citing *Pruitt v. Jones*, 348 F.3d 1355, 1358–59 (11th Cir. 2003)). Indeed, "[b]efore a state prisoner may file a federal habeas petition, he must exhaust his state

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("[H]abeas corpus actions require a petitioner fully to exhaust state remedies."); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J. concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.").

remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (citation omitted) (affirming denial of § 2241 relief based on failure to exhaust state remedies).

Respondent has provided evidence that Hall failed to exhaust his state remedies prior to filing his § 2241 Petition. Specifically, in response to the trial court's order revoking Hall's bail, Hall filed several motions. Docs. 13-18 through 13-22. On April 8, 2022, Hall filed a motion seeking to reinstate bond with amended conditions of release. Doc. 13-21. There is nothing in the record to suggest that this motion was ruled on by the trial court or that it was exhausted on the appellate level as is required before seeking federal habeas review. *See Ex parte Barnes*, 312 So. 3d 22, 27 (Ala. 2020) (discussing the authority of the Court of Criminal Appeals and the Alabama Supreme Court to review petitions for writ of habeas corpus regarding bail issues); *Ex parte Colbert*, 805 So. 2d 687, 688 (Ala. 2001) (demonstrating that the proper method for challenging a trial court's denial of a motion to set bail is to petition the Court of Criminal Appeals for habeas review and then petition the Alabama Supreme Court for habeas review).

Thus, to the extent Hall challenges the trial court's revocation of his bail, his claim has not been properly exhausted for purposes of federal habeas review. Although Hall raised this claim in a pretrial motion, he has proffered no allegations or evidence to suggest that he obtained a ruling on that motion or presented his claim to the Alabama appellate

courts.[2] Accordingly, Hall's § 2241 Petition is due to be DISMISSED without prejudice for his failure to exhaust state remedies.[3]

## IV.    CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that Hall's § 2241 Petition (Doc. 1) be DISMISSED without prejudice.

It is further ORDERED that, by **May 9, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[2] To the contrary, Hall admits in his Petition that he did not exhaust his claim because he had a "[l]ack of knowle[d]ge to appeal process, at the time." Doc. 1 at 2. However, this alleged lack of knowledge does not excuse Hall's failure to exhaust. *See, e.g., McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (holding that petitioner's lack of legal education and ignorance of the law did not excuse his procedural default); *Toole v. McDonough*, 379 F. App'x 883, 885 n.5 (11th Cir. 2010) (rejecting petitioner's contention that his pro se status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim).

[3] As an additional ground for dismissal, Hall's Petition violates this district's Local Rule 9.1(b), which provides that, "[i]n a case in which an inmate plaintiff is represented by counsel, nothing will be accepted for filing (except a pro se motion for release of counsel) unless it is filed by counsel." Based on the record before the Court, Hall was represented by counsel when he filed his Petition on March 9, 2022. *See* Doc. 13-19. Accordingly, the Petition is due to be dismissed without prejudice on this ground as well. *See Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) ("A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.").

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

DONE this 25th day of April, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE